AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Delaware

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The Cellular Telephone Assigned Call Number (302) 257-1767

) Case No. 17-35M
) 
) REDACTED
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____Delaware_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

SEALED
UNSEALED
3/17/20 KJK.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1073 | Flight to Avoid Prosecution |

The application is based on these facts:

☐ Continued on the attached sheet.
☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Justin Cannon, USMS TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/22/2017

City and state: Wilmington, Delaware

*Judge's signature*
The Honorable Sherry R. Fallon, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (302) 257-1767[1] | Case No. 17 – 35M<br><br>Filed Un~~der~~ Seal UNSEALED 3/17/20 KJL |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Justin Cannon, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this Affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (302) 257-1767 (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider headquartered at 208 South Akard Street, Dallas, Texas, 75202. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  I am a deputized Task Force Officer assigned to the United States Marshals Service and have been so since October 5, 2015. I have been assigned to the area of fugitive investigations for the District of Delaware First State Fugitive Task Force. During that time, I have authored numerous Pen Register/Trap and Trace applications. I have analyzed call detail records and cell site data, which has aided in locating and arresting many fugitives. I routinely assist less experienced

---

[1] The International Mobile Subscriber Identity ("IMEI") / Electronic Serial Number ("ESN") of this phone is unknown.

investigators in learning how to analyze and decipher the call detail records and cell site data that they receive in their cases.

3. I am currently the lead investigator for the fugitive investigation described in this Affidavit. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Deputies of the United States Marshals Service are participating in the investigation to locate Thomas Hollingsworth ("Hollingsworth"), a fugitive, as members of a Fugitive Apprehension Task Force, authorized pursuant to Pub. L. 106-544, Section 6, Dec. 19, 2000, 114 Stat. 2718, and pursuant to 28 U.S.C. § 566(e)(1)(B), which authorizes the United States Marshals Service to investigate such fugitive matters as directed by the United States Attorney General.

5. 18 U.S.C. § 1073, entitled "Flight to avoid prosecution or giving testimony," provides, in part:

> Whoever moves or travels in interstate or foreign commerce with intent . . . to avoid prosecution . . . under the laws of the place from which he flees, for a crime, or an attempt to commit a crime, punishable by death or which is a felony under the laws of the place from which the fugitive flees, . . . shall be fined under this title or imprisoned not more than five years, or both.

6. Based on the facts set forth in this Affidavit, there is probable cause to believe that Hollingsworth has committed several state crimes, as described below.

2

Hollingsworth was charged with these crimes on February 22, 2017, and is the subject of an arrest warrant issued on that same day. There is also probable cause to believe that Hollingsworth is aware of these charges and has fled. In addition, there is probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Hollingsworth, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. From my training and experience, I know that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not

3

necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

8. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available.

9. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone.

## PROBABLE CAUSE

10. Hollingsworth is a five-time convicted felon.

11. Hollingsworth is the primary suspect for a double homicide that occurred on February 21, 2017 in Wilmington, Delaware. According to the assigned homicide investigators with the Wilmington Police Department ("WPD"), witnesses reported that the double homicide was precipitated by a verbal dispute between Hollingsworth and the two victims earlier that day. More specifically, Hollingsworth and the two victims argued because the two victims were sitting on the steps of Hollingsworth's home at _____ in Wilmington, Delaware, and Hollingsworth did not like that.

12. Witnesses reported that following this verbal altercation, Hollingsworth shot both victims with a firearm. As a result, both victims died.

13. Immediately following the shooting, witnesses on scene observed Hollingsworth go into his home at .

4

14. Upon receiving this information, homicide investigators and the WPD SWAT Team established a perimeter around Hollingsworth's house and tried to make contact with any individuals in the home by knocking on the door and using microphones and drones. There was no response. So the SWAT Team breached the door and entered Hollingsworth's house. There was no one inside.

15. Pursuant to a search warrant, investigators located two firearms[2] and a large quantity of heroin inside of the house.

16. As a result, the next day, February 22, 2017, Hollingsworth was charged in the State of Delaware with Possession of a Firearm by a Person Prohibited, Possession of a Destructive Weapon, and Possession of a Controlled Substance in a Tier 5 Quantity. An arrest warrant was issued on the same day.

17. Hollingsworth is the primary suspect for the double homicide, but state authorities have not yet charged him.

18. Hollingsworth's girlfriend, Eurydice Reed-Maas, was also charged with Possession of a Controlled Substance in a Tier 5 Quantity.

19. In the evening hours of February 21, 2017, a confidential informant ("CI-1") advised homicide investigators that he heard from someone close to Hollingsworth that Hollingsworth and his girlfriend fled from Wilmington, Delaware to the Philadelphia, Pennsylvania area following the shooting because he

---

[2] Preliminary ballistics results link one of these firearms to the double homicide shooting.

had family in the Philadelphia area. CI-1 is a past proven reliable confidential informant. His name is known to investigators.

20. Also on February 21, 2017, a second confidential informant ("CI-2") contacted WPD and said that he/she has a close personal relationship with Hollingsworth. CI-2 said that he/she communicated with Hollingsworth two days prior via Hollingsworth's cell phone number of (302) 257-1767.

21. In addition, I know that Hollingsworth is a registered sex offender and that (302) 257-1767 is the cellular phone number he registered with the Delaware Sex Offender Registry on December 12, 2016.

22. Moreover, (302) 257-1767 is the phone number listed for Hollingsworth in the Delaware Criminal Justice Information System ("DELJIS"), which is a database of information collected, among other sources, from police records, probation records, and motor vehicle records.

23. I do not know the identity of the subscriber of the Target Cell Phone. But there is probable cause to believe that Hollingsworth is currently using the Target Cell Phone while on fugitive status.

24. The requested location information will assist law enforcement in determining Hollingsworth's whereabouts and anyone supporting him in furtherance of his continued flight. In my training and experience, the United States Marshals Service has been successful in utilizing such location information to apprehend fugitives. Given that investigators often require a combination of location information and other investigatory techniques in order to locate a fugitive,

6

however, it may take up until thirty days to locate Hollingsworth. Thus, I request authority to monitor the Target Cell Phone over the next thirty days, or until such time that Hollingsworth is arrested.

## AUTHORIZATION REQUEST

25. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

26. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until thirty days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable

necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

27. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

28. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

8

29. I further request that the Court order that all papers in support of this application, including the Affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Justin Cannon
Deputized United States Marshal
United States Marshals Service

Subscribed and sworn to before me on February 22, 2017.

THE HONORABLE SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A
### Property to Be Searched

1. The cellular telephone assigned call number (302) 257-1767 (the "Target Cell Phone"), whose wireless service provider is AT&T, a company headquartered at 208 South Akard Street, Dallas, Texas, 75202.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of AT&T.

## ATTACHMENT B
### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).